# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF GEORGIA

| | |
|---|---|
| Travis Evans Jr., | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| First Advantage Background Services Corp., | **COMPLAINT** |
| Defendant. | |

For this Complaint, Plaintiff, Travis Evans Jr., by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. (the "FCRA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Travis Evans Jr. ("Plaintiff"), is an adult individual residing in Colbert, Georgia, and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, First Advantage Background Services Corp ("First Advantage") is a Georgia business entity with an address of 1 Concourse Parkway NE, Suite 200, Atlanta, Georgia 30328.  First Advantage is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u).  First

Advantage is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In 2019, Plaintiff applied for a job at Lowe's Department Store.

7. Lowe's submitted Plaintiff's information to Defendant for a routine background screening report.

8. Defendant performed the background screening report, which included a criminal records search, and furnished the results to Lowe's.

9. Plaintiff received a copy of the background report on or around July 11, 2019.

10. According to the report, Plaintiff was charged with a 'Felony Including Misdemeanor' for harassing phone calls.

11. Upon receipt of this report, Plaintiff called Defendant and informed Defendant he disputed the inaccurate criminal record listed on the report.

12. Additionally, Plaintiff went to the police department and obtained a criminal records report, proving that Plaintiff has a clear record.

13. Plaintiff was sent a denial letter dated July 19, 2019 from Lowe's; upon their review of Plaintiff's background report.

14. The inaccurate report contains damaging information to Plaintiff's character and reputation.

15. In addition to being a denied a position at Lowe's, which prevents Plaintiff from working, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

16.     Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to Lowe's.

17.     At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

18.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19.     15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

20.     In addition, 15 U.S.C. § 1681d(d)(3) provides that "a consumer reporting agency shall not furnish an investigative consumer report that includes information that is a matter of public record and that relates to an arrest, indictment, conviction, civil judicial action, tax lien, or outstanding judgment, unless the agency has verified the accuracy of the information during the 30-day period ending on the date on which the report is furnished."

21.     Defendant violated §§ 1681e(b) and 1681d(d)(3) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

22.     These failures directly caused the denial of Plaintiff's application for a job at Lowe's, which has damaged Plaintiff.

23.     As a result of Defendant's violations of §§ 1681e(b) and 1681d(d)(3) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n

and 1681o.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

B. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

C. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

D. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

and

E. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 8, 2019

Respectfully submitted,

By */s/ Sergei Lemberg*
Sergei Lemberg, Esq. (SL 6331)
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff